IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MENTONE SOLUTIONS LLC,

    Plaintiff,

v.

COBHAM TECHNOLOGIES, INC.

    Defendant.

Civil Action No. 22-cv-131-GBW

**MEMORANDUM OPINION**

October 11, 2022
Wilmington, Delaware

<img alt="signature" />
GREGORY B. WILLIAMS
U.S. DISTRICT JUDGE

Before the Court in this civil action for patent infringement is Plaintiff Mentone Solutions LLC's ("Mentone") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant Cobham Technologies, Inc. ("Cobham"). D.I. 12. For the reasons below, the Court will **DENY** Mentone's Motion for Default Judgment.

## I. BACKGROUND

Mentone filed this action on January 29, 2022, alleging that Cobham infringed U.S. Patent No. 6,952,413 ("the '413 patent") by making, using, and selling, during the lifetime of the '413 patent, "a series of products identified as the Explorer 540 BGAN M2M" (the "Accused Instrumentalities"). D.I. 1 at ¶ 11. Mentone alleges that Cobham's Accused Instrumentalities "necessarily and inherently" require practicing the method of at least claim 5 of the '413 patent, thereby entitling Mentone to monetary damages in the form of a reasonable royalty rate. *Id.* at ¶¶ 12, 15. Mentone served its Complaint and Summons to Cobham by way of its registered agent on February 7, 2022. D.I. 5.

Cobham failed to file and serve a timely responsive pleading or motion as required under Rule 12 of the Federal Rules of Civil Procedure. On April 26, 2022, at Mentone's request (D.I. 10), the Clerk of Court entered the default in appearance against Cobham pursuant to Federal Rule of Civil Procedure 55(a) (the "Entry of Default," D.I. 11). One day later, Mentone served the Entry of Default (D.I. 11) to Cobham by way of its registered agent. On June 3, 2022, Mentone filed its Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). D.I. 12.

## II. LEGAL STANDARD

Default judgments are generally disfavored in the Third Circuit. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir.2008). However, the decision to enter a default judgment ultimately lies within the discretion of the court. *Tristrata Tech., Inc. v. Med. Skin Therapy Research, Inc.*, 270 F.R.D. 161, 164 (D. Del. 2010) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Entry of default judgment is a two-step process. *Tristrata Tech.*, 270 F.R.D. at 164. First, the party seeking a default judgment must request that the Clerk of Court enter default against the party that has failed to answer the pleading or otherwise defend itself in the action. *See* Fed. R. Civ. P. 55(a); *see also J & J Sports Prod., Inc. v. Kim*, No. 14-1170, 2016 WL 1238223, at *1 (D. Del. Mar. 29, 2016). After default has been entered, a plaintiff may obtain a default judgment. Fed. R. Civ. P. 55(b); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. If the plaintiff is seeking relief in the form of a sum certain, it may obtain a default judgment from the Clerk of Court. Fed. R. Civ. P. 55(b)(1); *see also J & J Sports Prod.*, 2016 WL 1238223, at *1. Otherwise, "the party seeking default judgment must apply to the court for an entry of default judgment." *Tristrata Tech.*, 270 F.R.D. at 164.

Before entering a default judgment, the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)). The court considers three factors when determining if default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In assessing these factors, "the factual allegations of the complaint,

3

except those relating to the amount of damages, will be taken as true." *Genedics, LLC v. Meta Co.*, No. 17-1062, 2019 WL 3802650, at *3 (D. Del. Aug. 13, 2019) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. DISCUSSION

The relevant factors weigh against entering default judgment on Mentone's patent infringement claim. Although the Court must take Mentone's factual allegations as true, *see Genedics*, 2019 WL 3802650, at *3, these factual allegations—which can charitably be described as sparse—fail to establish that Cobham infringed the '413 patent. Specifically, Mentone's Complaint fails to establish that Cobham made, used, or sold the Accused Instrumentalities in the United States as required to state a claim for direct infringement pursuant to 35 U.S.C. § 271(a). *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005) (holding that direct infringement liability pursuant to 35 U.S.C. § 271(a) is "limited to infringing activities that occur within the United States."). Thus, the Court cannot conclude that "the unchallenged facts constitute a legitimate cause of action" for direct patent infringement. *See Chanel*, 558 F. Supp. 2d at 535. As such, Mentone's Motion for Default Judgment is denied. Mentone may seek leave to file an amended pleading.[1] *See* Fed. R. Civ. P. 15(a)(2).

The Court will issue an Order consistent with this Memorandum Opinion.

---

[1] Because the Clerk of Court's Entry of Default (D.I. 11) is premised on factual allegations from Mentone's Complaint (D.I. 1), the Court must vacate as moot the Clerk of Court's Entry of Default if Mentone files an Amended Complaint.

4